1  RACHEL VAN MULLEM, COUNTY COUNSEL
   MARY PAT BARRY, SR. DEPUTY (Bar No. 148354)
2  COUNTY OF SANTA BARBARA
   105 E. Anapamu St., Suite 201
3  Santa Barbara, CA 93101
   (805) 568-2950 / FAX: (805) 568-2982
4  E-mail: mpbarry@countyofsb.org

5  Attorneys for Respondents and Defendants
   SANTA BARBARA COUNTY
6  PLANNING COMMISSION and
   BOARD OF SUPERVISORS

7

8

9

10             UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12

13  PACIFIC PIPELINE COMPANY,          Case No: 2:23-cv-09218-DMG (MRWx)

14                    Petitioner and   **ANSWER TO VERIFIED PETITION**
                      Plaintiff,       **FOR WRIT OF MANDATE AND**
15                                      **COMPLAINT FOR**
                                        **DECLARATORY RELIEF AND**
16  EXXON MOBIL CORPORATION,            **DAMAGES**

17                    Plaintiff,

18  v.

19

20  SANTA BARBARA COUNTY
    PLANNING COMMISSION AND            Judge: Hon. Dolly M. Gee
21  BOARD OF SUPERVISORS,              Courtroom: 8C, First St. Courthouse

22                    Respondents and
                      Defendants.
23

24  ─────────────────────────────────────────────

25         Respondents and Defendants Santa Barbara County Planning Commission

26  (the "Planning Commission") and Santa Barbara County Board of Supervisors

27  (the "Board") respond to Petitioner Pacific Pipeline Company's ("PPC") Verified

28  Petition for Writ of Mandate and to Plaintiffs PPC and Exxon Mobil

1.

Corporation's ("ExxonMobil") Complaint for Declaratory Relief and Damages ("Pet. & Compl."), as follows:

## INTRODUCTION

1.      In response to the allegations of paragraph 1, the Planning Commission and Board deny that this case arises from the Planning Commission's and Board's unlawful refusal to approve PPC's permit applications to install automated safety valves on its Las Flores Pipeline System (the "Pipeline"), formerly known as Lines 901 and 903. Except as so denied, paragraph 1 contains legal assertions, arguments, or conclusions that are not material allegations, and to which no response is required. To the extent these legal assertions, arguments, or conclusions refer to Assembly Bill 864 ("AB 864") and to documented comments made at a Board hearing held on August 22, 2023, AB 864 and the comments made speak for themselves and the Planning Commission and Board deny the allegations to the extent they are inconsistent with AB 864 and the comments made; to the extent these legal assertions, arguments, or conclusions may be interpreted to assert material allegations, the Planning Commission and Board lack knowledge or information sufficient to form a belief about the truth of those allegations and on that basis deny the remaining allegations.

2.      In response to the allegations of paragraph 2, the Planning Commission and Board deny the allegations.

3.      In response to the allegations of paragraph 3, the Planning Commission and Board deny the allegations.

4.      In response to the allegations of paragraph 4, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

///

5.     In response to the allegations of paragraph 5, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

6.     In response to the allegations of paragraph 6, the Planning Commission and Board deny the allegations.

7.     In response to the allegations of paragraph 7, the Planning Commission and Board admit that on August 22, 2022, the Santa Barbara County Zoning Administrator approved the installation of 16 new safety valves on the Pipeline (the "Project"). To the extent paragraph 7 refers to the Zoning Administrator's letter dated August 24, 2022, that document speaks for itself. The Planning Commission and Board admit that in September 2022, three parties filed appeals. Except as so admitted, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny each and every remaining allegation contained therein.

8.     In response to the allegations of paragraph 8, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

9.     In response to the allegations of paragraph 9, the Planning Commission and Board admit that the Santa Barbara County Planning and Development  staff ("P&D Staff") issued a report dated February 2, 2023 (the "Staff Report"). The Planning Commission and Board deny that the P&D Staff made findings. The Planning Commission and Board admit that P&D Staff, in the Staff Report, recommended that the Planning Commission deny the three appeals and approve the Project.

///

10.     In response to the allegations of paragraph 10, the Planning Commission and Board admit that on April 26, 2023, contrary to the recommendation of P&D Staff, the Planning Commission voted 3-2 to grant the appeals and deny the Project. Except as so admitted, the Planning Commission and Board deny the remaining allegations.

11.     In response to the allegations of paragraph 11, the Planning Commission and Board admit that check valves are located entirely underground and admit that the majority of the proposed valves are located outside of the County's coastal zone (the "Coastal Zone") and are outside the scope of the Santa Barbara Coastal Zoning Ordinance ("CZO"). To the extent paragraph 11 refers to the Planning Commission's Finding 2.1.1.3.E made at the Planning Commission's April 26, 2023 hearing, that documented finding speaks for itself and the Planning Commission and Board deny the allegations to the extent they are inconsistent with the documented finding. Except as so admitted, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny each and every remaining allegation contained therein.

12.     In response to the allegations of paragraph 12, to the extent paragraph 12 refers to the Planning Commission's Findings 2.1.2.1.A, 2.1.3.1.A, 2.2.1.1.A, and 2.2.2.1.A made at the Planning Commission's April 26, 2023 hearing, those documented findings speak for themselves and the Planning Commission and Board deny the allegations to the extent they are inconsistent with those documented findings. The Planning Commission and Board deny that the Planning Commission's Finding 2.1.2.1.A that the proposed valve installations would be "detrimental to the health, safety, comfort, convenience, and general welfare of the neighborhood and environment" was based on unsubstantiated conjecture about the current state of the Pipeline and the knock-on impacts of restarting the Pipeline, such as restarting the Las Flores Canyon ("LFC")

production facility and the Santa Ynez Unit ("SYU") offshore platforms and deny that the Planning Commission's decision impermissibly invaded the statutory domain of the Office of the State Fire Marshal ("OSFM") and the Pipeline and Hazardous Materials Safety Administration ("PHMSA"). Except as so denied, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny each and every remaining allegation contained therein.

13.     In response to the allegations of paragraph 13, the Planning Commission and Board admit that PPC appealed the Planning Commission's denial of the Project to the five-member Board, which held a hearing on August 22, 2023 and that with one member not voting, the vote of the remaining members was split 2-2. Except as so admitted, the Planning Commission and Board deny the remaining allegations.

14.     In response to the allegations of paragraph 14, the Planning Commission and Board admit that Board members Supervisor Laura Capps and Chair of the Board Das Williams voted against the Project. Except as so admitted, paragraph 14 contains arguments or conclusory statements purporting to paraphrase or characterize the comments of Supervisor Capps and Chair Williams made at the Board hearing on August 22, 2023. To the extent these allegations may be deemed to require an answer, Supervisor Capps and Chair Williams's comments speak for themselves  and the Planning Commission and Board deny the allegations to the extent that they are inconsistent with those documented comments.

15.     In response to the allegations of paragraph 15, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

///

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

16.     In response to the allegations of paragraph 16, the Planning Commission and Board admit that in May 2015, one of the two pipelines used to transport SYU crude oil ruptured and Plains All American Pipeline, LLC ("Plains"), the owner and operator of the pipelines, shut down both pipelines; admit that when a pipeline becomes available, ExxonMobil may return to full production of SYU without any additional authorizations required from the Board; and admit that the Board denied an interim trucking project proposed by ExxonMobil. Except as so admitted, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny each and every remaining allegation contained therein.

17.     In response to the allegations of paragraph 17, the Planning Commission and Board deny that they used local zoning and planning rules as if they were sweeping policies to stop the lawful transportation of oil within the County. Except as so denied, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny each and every remaining allegation contained therein.

18.     In response to the allegations of paragraph 18, the Planning Commission and Board deny the allegations.

19.     In response to the allegations of paragraph 19, the Planning Commission and Board deny the allegations.

## JURISDICTION AND VENUE

20.     In response to the allegations of paragraph 20, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

21.     In response to the allegations of paragraph 21, the Planning Commission and Board deny that the Board's tied vote is an effective denial of PPC's appeal, leaving in place the Commission's denial of the Project. Except as so denied, the

Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every remaining allegation contained therein.

22.    In response to the allegations of paragraph 22, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

23.    In response to the allegations of paragraph 23, the Planning Commission and Board admit that venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because the Planning Commission and Board reside in this judicial district and a substantial part of the alleged events or omissions giving rise to PPC and ExxonMobil's action occurred in this judicial district.

## PARTIES

24.    In response to the allegations of paragraph 24, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

25.    In response to the allegations of paragraph 25, the Planning Commission and Board admit that SYU consists of three offshore oil and gas platforms located in federal waters approximately 12 miles west of the County and LFC, an onshore processing facility located in Las Flores Canyon, near Goleta. Except as so admitted, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny each and every remaining allegation contained therein.

26.    In response to the allegations of paragraph 26, the Planning Commission and Board admit the allegations.

///

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

27.     In response to the allegations of paragraph 27, the Planning Commission and Board admit the allegations.

**GENERAL ALLEGATIONS**

28.     In response to the allegations of paragraph 28, the Planning Commission and Board admit that in 2015 the California Legislature enacted Assembly Bill 864 to add Section 51013.1 to the Elder California Pipeline Safety Act of 1981. Except as so admitted, said paragraph contains statements, including statements referencing footnotes, purporting to quote or paraphrase or characterize the contents of California Government Code section 51013.1 and other documents. To the extent these statements may be deemed to require an answer, the documents speak for themselves and the Planning Commission and Board deny the allegations to the extent they are inconsistent with those documents. Except as so admitted and denied, the Planning Commission and Board lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny the remaining allegations.

29.     In response to the allegations of paragraph 29, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

30.     In response to the allegations of paragraph 30, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

31.     In response to the allegations of paragraph 31, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

///

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

32.     In response to the allegations of paragraph 32, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

33.     In response to the allegations of paragraph 33, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

34.     In response to the allegations of paragraph 34, the Planning Commission and Board admit the allegations.

35.     In response to the allegations of paragraph 35, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

36.     In response to the allegations of paragraph 36, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

37.     In response to the allegations of paragraph 37, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

38.     In response to the allegations of paragraph 38, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

39.     In response to the allegations of paragraph 39, the Planning Commission and Board deny that the proposed safety valves met the requirements for a

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

1  zoning clearance and admit that the County reviewed the Project as an

2  amendment to the Pipeline Project Final Development Plan ("Pipeline

3  Development Plan."). Except as so admitted and denied, said paragraph contains

4  statements, including statements referencing footnoted documents, purporting to

5  quote or paraphrase or characterize the contents of Land Use and Development

6  Code ("LUDC") sections 35.82.210.B.2 and 35.82.210.D.1. To the extent these

7  statements or allegations may be deemed to require an answer, the LUDC

8  speaks for itself  and the Planning Commission and Board deny the allegations

9  to the extent they are inconsistent with the LUDC. The Planning Commission

10  and Board lack knowledge or information sufficient to form a belief about the

11  truth of the remaining allegations of paragraph 39 and on that basis deny the

12  remaining allegations.

13  40.     In response to the allegations of paragraph 40, the Planning Commission

14  and Board admit that Plains requested approval for 11 motor-operated valves

15  ("MOVs") and five check valves ("CHKs") and that MOVs and CHKs operate

16  in different ways and have different infrastructure requirements. Except as so

17  admitted, the Planning Commission and Board lack knowledge or information

18  sufficient to form a belief about the truth of the remaining allegations and on

19  that basis deny the remaining allegations.

20  41.     In response to the allegations of paragraph 41, the Planning Commission

21  and Board admit the allegations.

22  42.     In response to the allegations of paragraph 42, the Planning Commission

23  and Board lack knowledge or information sufficient to form a belief about the

24  truth of the allegations and on that basis deny the allegations.

25  43.     In response to the allegations of paragraph 43, the Planning Commission

26  and Board admit that the Zoning Administrator authorized the 16 new safety

27  valves pursuant to amendment of the Pipeline Development Plan. Except as so

28  admitted, paragraph 43 purports to quote a letter from the Zoning Administrator

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

10.

1  dated August 24, 2022. To the extent these allegations may be deemed to require
2  an answer, the Zoning Administrator's August 24, 2022 letter speaks for itself
3  and the Planning Commission and Board deny the allegations to the extent that
4  they are inconsistent with that document.

5  44.    In response to the allegations of paragraph 44, said paragraph contains
6  conclusory statements purporting to paraphrase or characterize the contents of a
7  letter from the Zoning Administrator dated August 24, 2022. To the extent these
8  allegations may be deemed to require an answer, the Zoning Administrator's
9  August 24, 2022 letter speaks for itself and the Planning Commission and Board
10 deny the allegations to the extent that they are inconsistent with that document.

11 45.    In response to the allegations of paragraph 45, the Planning Commission
12 and Board lack knowledge or information sufficient to form a belief as to the
13 truth of the allegations and on that basis deny each and every allegation
14 contained therein.

15 46.    In response to the allegations of paragraph 46, the Planning Commission
16 and Board admit that in September 2022, three parties, including the Gaviota
17 Coast Conservancy ("GCC"), filed appeals challenging the Zoning
18 Administrator's approval of the Project. Except as so admitted, paragraph 46
19 contains conclusory statements purporting to paraphrase or characterize the
20 contents of the three filed appeals. To the extent these allegations may be
21 deemed to require an answer, the filed appeals speak for themselves and the
22 Board denies the allegations to the extent that they are inconsistent with the filed
23 appeals. Except as so admitted and denied, the Planning Commission and Board
24 lack knowledge or information sufficient to form a belief about the truth of the
25 remaining allegations and on that basis deny the remaining allegations contained
26 therein.

27 47.    In response to the allegations of paragraph 47, the Planning Commission
28 and Board admit that the Planning Commission granted appeals filed by three

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

parties challenging the Zoning Administrator's approval of the Project and denied the entire Project. Except as so admitted, the Planning Commission and Board deny the allegations.

48.     In response to the allegations of paragraph 48, the Planning Commission and Board deny the allegations.

49.     In response to the allegations of paragraph 49, the Planning Commission and Board admit that PPC timely appealed the Planning Commission's decision to the Board. Except as so admitted, the Planning Commission and Board deny the remaining allegations.

50.     In response to the allegations of paragraph 50, the Planning Commission and Board deny the allegations.

51.     In response to the allegations of paragraph 51, said paragraph contains conclusory statements purporting to paraphrase or characterize the contents of the Planning Commission's April 26, 2023 Finding 2.1.1.3.E. To the extent these allegations may be deemed to require an answer, the Planning Commission's Finding 2.1.1.3.E speaks for itself and the Planning Commission and Board deny the allegations to the extent they are inconsistent with that documented finding. The Planning Commission and Board admit that the Planning Commission voted to deny the entire Project and that of the 16 valves at issue, six were above-ground MOVs located in the Coastal Zone. Except as so admitted, the Planning Commission and Board lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny the remaining allegations contained therein.

52.     In response to the allegations of paragraph 52, the Planning Commission and Board lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

///

///

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

12.

53.     In response to the allegations of paragraph 53, the Planning Commission and Board lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

54.     In response to the allegations of paragraph 54, the Planning Commission and Board lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

55.     In response to the allegations of paragraph 55, the Planning Commission and Board admit that they must comply with the law. The Planning Commission and Board deny that the Project denial is not supported by the record. The Planning Commission and the Board deny that the Board made findings. Except as so admitted and denied, the Planning Commission and Board lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny the remaining allegations.

56.     In response to the allegations of paragraph 56, the Planning Commission and Board deny the allegations.

57.     In response to the allegations of paragraph 57, this paragraph contains legal assertions, arguments, or conclusions that are not material allegations, and to which no response is required. To the extent these legal assertions, arguments, or conclusions refer to the Planning Commission's documented findings and the CZO, those documents speak for themselves and the Planning Commission and Board deny the allegations to the extent they are inconsistent with those documents; to the extent these legal assertions, arguments, or conclusions may be interpreted to assert material allegations, the Planning Commission and Board deny that the Planning Commission's findings cannot be reconciled with the evidence in the record. Except as so denied, the Planning Commission and Board lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny the remaining allegations.

///

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

58.     In response to the allegations of paragraph 58, the Planning Commission and Board deny the allegations.

59.     In response to the allegations of paragraph 59, the Planning Commission and Board lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

60.     In response to the allegations of paragraph 60, this paragraph contains legal assertions, arguments, or conclusions that are not material allegations, and to which no response is required. To the extent these legal assertions, arguments, or conclusions refer to documented comments made at the August 22, 2023 Board hearing or in other documents, those documented comments speak for themselves and the Planning Commission and Board deny the allegations to the extent they are inconsistent with those documented comments. To the extent these legal assertions, arguments, or conclusions may be interpreted to assert material allegations, the Planning Commission and Board lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the  allegations.

61.     In response to the allegations of paragraph 61, the Planning Commission and Board deny the allegations.

62.     In response to the allegations of paragraph 62, the Planning Commission and Board deny the allegations.

63.     In response to the allegations of paragraph 63, this paragraph contains legal assertions, arguments, or conclusions that are not material allegations, and to which no response is required. To the extent these legal assertions, arguments, or conclusions refer to documented comments made at the August 22, 2023 Board hearing or in other documents, those documented comments and other documents speak for themselves and the Planning Commission and Board deny the allegations to the extent they are inconsistent with those documents; to the extent these legal assertions, arguments, or conclusions may be interpreted to

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

14.

assert material allegations, the Planning Commission and Board lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

64.     In response to the allegations of paragraph 64, this paragraph contains legal assertions, arguments, or conclusions that are not material allegations, and to which no response is required. To the extent these legal assertions, arguments, or conclusions refer to documented findings made by the Planning Commission or documented comments made at the August 22, 2023 Board hearing or in other documents, those documents speak for themselves and the Planning Commission and Board deny the allegations to the extent they are inconsistent with those documents; to the extent these legal assertions, arguments, or conclusions may be interpreted to assert material allegations, the Planning Commission and Board deny the allegations.

65.     In response to the allegations of paragraph 65, this paragraph contains legal assertions, arguments, or conclusions that are not material allegations, and to which no response is required. To the extent these legal assertions, arguments, or conclusions refer to documented comments made at the August 22, 2023 Board hearing or in other documents, those documents speak for themselves and the Planning Commission and Board deny the allegations to the extent they are inconsistent with those documents; to the extent these legal assertions, arguments, or conclusions may be interpreted to assert material allegations, the Planning Commission and Board lack knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

66.     In response to the allegations of paragraph 66, this paragraph contains legal assertions, arguments, or conclusions that are not material allegations, and to which no response is required. To the extent these legal assertions, arguments, or conclusions refer to documented comments made at the August 22, 2023

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

15.

Board hearing or in other documents, those documents speak for themselves and the Planning Commission and Board deny the allegations to the extent they are inconsistent with those documents; to the extent these legal assertions, arguments, or conclusions may be interpreted to assert material allegations, the Planning Commission and Board lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny the allegations.

67.     In response to the allegations of paragraph 67, this paragraph contains legal assertions, arguments, or conclusions that are not material allegations, and to which no response is required. To the extent these legal assertions, arguments, or conclusions may be interpreted to assert material allegations, the Planning Commission and Board lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny the remaining allegations.

68.     In response to the allegations of paragraph 68, the Planning Commission and Board deny the allegations.

69.     In response to the allegations of paragraph 69, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

70.     In response to the allegations of paragraph 70, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

71.     In response to the allegations of paragraph 71, the Planning Commission and Board deny the allegations.

72.     In response to the allegations of paragraph 72, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

16.

truth of the allegations and on that basis deny each and every allegation contained therein.

73.    In response to the allegations of paragraph 73, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

74.    In response to the allegations of paragraph 74, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

75.    In response to the allegations of paragraph 75, the Planning Commission and Board deny the allegations.

76.    In response to the allegations of paragraph 76, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

77.    In response to the allegations of paragraph 77, the Planning Commission and Board deny the allegations.

78.    In response to the allegations of paragraph 78, the Planning Commission and Board admit that the County's policy and ordinances express a preference for pipelines (as compared to transport by marine vessel or tanker truck) because pipelines pose a lower risk of oil spills and air pollution. Except as so admitted, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny the remaining allegations contained therein.

79.    In response to the allegations of paragraph 79, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the

///

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

truth of the allegations and on that basis deny each and every allegation contained therein.

80.     In response to the allegations of paragraph 80, the Planning Commission and Board deny the allegations.

81.     In response to the allegations of paragraph 81, this paragraph contains legal assertions, arguments, or conclusions that are not material allegations, and to which no response is required. To the extent these legal assertions, arguments, or conclusions refer to documented comments made at the August 22, 2023 Board hearing, those documents speak for themselves and the Planning Commission and Board deny the allegations to the extent they are inconsistent with those documents.

82.     In response to the allegations of paragraph 82, this paragraph contains legal assertions, arguments, or conclusions that are not material allegations, and to which no response is required. To the extent these legal assertions, arguments, or conclusions refer to documents, those documents speak for themselves and the Planning Commission and Board deny the allegations to the extent they are inconsistent with those documents; to the extent these legal assertions, arguments, or conclusions may be interpreted to assert material allegations, the Planning Commission and Board lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny the allegations.

83.     In response to the allegations of paragraph 83, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

84.     In response to the allegations of paragraph 84, the Planning Commission and Board deny the allegations.

///

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

18.

# FIRST CAUSE OF ACTION

## PPC's Petition for Writ of Mandate
## (Cal. Civ. Proc. Code § 1085)

85.     In paragraph 85, PPC realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 84 of its Pet. & Compl. Insofar as a response is required to paragraph 85, the Planning Commission and the Board incorporate by reference their responses to those allegations as if fully set forth herein.

86.     Paragraph 86 contains a legal assertion, argument, or conclusion that is not a material allegation and therefore no response is required.

87.     In response to the allegations of paragraph 87, the Planning Commission and Board deny that the Planning Commission's decision to deny the Project in toto was arbitrary, capricious, without evidentiary support, and contrary to law and deny that the Board made a decision to deny the Project.

88.     In response to the allegations of paragraph 88, the Planning Commission and Board deny the allegations.

89.     In response to the allegations of paragraph 89, the Planning Commission and Board deny the allegations.

90.     In response to the allegations of paragraph 90, the Planning Commission and Board deny the allegations.

91.     In response to the allegations of paragraph 91, the Planning Commission and Board deny the allegations.

92.     In response to the allegations of paragraph 92, the Planning Commission and Board deny the allegations.

93.     In response to the allegations of paragraph 93, the Planning Commission and Board deny the allegations.

94.     In response to the allegations of paragraph 94, the Planning Commission and Board deny the allegations.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

19.

95.     Paragraph 95 contains legal assertions, arguments, or conclusions and not material allegations, and therefore no response is required.

### SECOND CAUSE OF ACTION

### PPC's Petition for Writ of Administrative Mandate
### (Cal. Civ. Proc. Code § 1094.5)

96.     In paragraph 96, PPC realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 95 of its Pet. & Compl. Insofar as a response is required to paragraph 96, the Planning Commission and the Board incorporate by reference their responses to those allegations as if fully set forth herein.

97.     Paragraph 97 contains a legal assertion, argument, or conclusion that is not a material allegation and therefore no response is required.

98.     In response to the allegations of paragraph 98, the Planning Commission and Board deny the allegations.

99.     In response to the allegations of paragraph 99, the Planning Commission and Board deny the allegations.

100.    In response to the allegations of paragraph 100, the Planning Commission and Board deny the allegations.

101.    In response to the allegations of paragraph 101, the Planning Commission and Board deny the allegations.

102.    In response to the allegations of paragraph 102, the Planning Commission and Board deny the allegations.

103.    In response to the allegations of paragraph 103, the Planning Commission and Board deny the allegations.

104.    In response to the allegations of paragraph 104, the Planning Commission and Board deny the allegations.

105.    Paragraph 105 contains legal assertions, arguments, or conclusions and not material allegations, and therefore no response is required.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

20.

### THIRD CAUSE OF ACTION

**PPC's Declaratory Relief—United States Constitution
Supremacy Clause & California's Pipeline Safety Act
(28 U.S.C. §§ 2201, 2202; 42 U.S.C. § 1983;
Cal. Gov't Code § 51010; Cal. Civ. Proc. Code § 1060)**

106.    In paragraph 106, PPC realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 105 of its Pet. & Compl. Insofar as a response is required to paragraph 105, the Planning Commission and the Board incorporate by reference their responses to those allegations as if fully set forth herein.

107.    Paragraph 107 contains legal assertions, arguments, or conclusions and not material allegations, and therefore no response is required.

108.    Paragraph 108 contains legal assertions, arguments, or conclusions and not material allegations, and therefore no response is required.

109.    Paragraph 109 contains legal assertions, arguments, or conclusions and not material allegations, and therefore no response is required. To the extent a response is required, the Planning Commission and Board deny the allegations.

110.    Paragraph 110 contains legal assertions, arguments, or conclusions and not material allegations, and therefore no response is required.

111.    In response to the allegations of paragraph 111, the Planning Commission and Board admit that the Pipeline runs through three counties; the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegation that similar applications have already been approved in Kern and San Luis Obispo counties; the Planning Commission and Board deny the remaining allegations.

112.    In response to the allegations of paragraph 112, the Planning Commission and Board admit the allegations.

113.    In response to the allegations of paragraph 113, the Planning Commission and Board deny the allegations.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

21.

114.   Paragraph 114 contains legal assertions, arguments, or conclusions and not material allegations, and therefore no response is required.

### FOURTH CAUSE OF ACTION

**Plaintiffs' Declaratory Relief—United States Constitution Commerce Clause**
**(28 U.S.C. §§ 2201, 2202; 42 U.S.C. § 1983)**

115.   In paragraph 115, PPC and ExxonMobil reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 114 of their Pet. & Compl. Insofar as a response is required to paragraph 115, the Planning Commission and the Board incorporate by reference their responses to those allegations as if fully set forth herein.

116.   Paragraph 116 contains legal assertions, arguments, or conclusions and not material allegations, and therefore no response is required.

117.   Paragraph 117 contains legal assertions, arguments, or conclusions and not material allegations, and therefore no response is required.

118.   In response to the allegations of paragraph 118, the Planning Commission and Board deny the allegations.

119.   In response to the allegations of paragraph 119, the Planning Commission and Board deny the allegations.

120.   In response to the allegations of paragraph 120, the Planning Commission and Board deny the allegations.

121.   In response to the allegations of paragraph 121, the Planning Commission and Board admit that they acted under color of state law. Except as so admitted, the Planning Commission and Board deny the allegations.

122.   In response to the allegations of paragraph 122, the Planning Commission and Board deny the allegations.

123.   In response to the allegations of paragraph 123, the Planning Commission and Board deny the allegations.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

22.

124.   Paragraph 124 contains legal assertions, arguments, or conclusions and not material allegations, and therefore no response is required. To the extent this paragraph may be interpreted to assert material allegations, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

125.   In response to the allegations of paragraph 125, the Planning Commission and Board deny the allegations.

126.   In response to the allegations of paragraph 126, the Planning Commission and Board deny the allegations.

127.   Paragraph 127 contains legal assertions, arguments, or conclusions and not material allegations, and therefore no response is required.

## FIFTH CAUSE OF ACTION

### Plaintiffs' Declaratory Relief—California Implied Commerce Clause (28 U.S.C. §§ 2201, 2202; Cal. Civ. Proc. Code § 1060)

128.   In paragraph 128, PPC and ExxonMobil reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 127 of their Pet. & Compl. Insofar as a response is required to paragraph 128, the Planning Commission and the Board incorporate by reference their responses to those allegations as if fully set forth herein.

129.   Paragraph 129 contains legal assertions, arguments, or conclusion and not material allegations, and therefore no response is required.

130.   In response to the allegations of paragraph 130, the Planning Commission and Board lack knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

131.   In response to the allegations of paragraph 131, the Planning Commission and Board deny the allegations.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

23.

132.   In response to the allegations of paragraph 132, the Planning Commission and Board deny the allegations.

133.   In response to the allegations of paragraph 133, the Planning Commission and Board deny the allegations.

134.   In response to the allegations of paragraph 134, the Planning Commission and Board deny the allegations.

135.   In response to the allegations of paragraph 135, the Planning Commission and Board deny the allegations.

136.   Paragraph 136 contains legal assertions, arguments, or conclusion and not material allegations, and therefore no response is required.

## SIXTH CAUSE OF ACTION

**PPC's Declaratory Relief and Violation of the California Constitution—Illegal Exercise of Police Power**
**(28 U.S.C. §§ 2201, 2202; Cal. Const. art. XI, § 7;**
**Cal. Civ. Proc. Code § 1060)**

137.   In paragraph 137, PPC realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 136 of its Pet. & Compl. Insofar as a response is required to paragraph 137, the Planning Commission and the Board incorporate by reference their responses to those allegations as if fully set forth herein.

138.   Paragraph 138 contains legal assertions, arguments, or conclusions and not material allegations, and therefore no response is required.

139.   Paragraph 139 contains legal assertions, arguments, or conclusions and not material allegations, and therefore no response is required.

140.   Paragraph 140 contains legal assertions, arguments, or conclusions and not material allegations, and therefore no response is required.

141.   In response to the allegations of paragraph 141, the Planning Commission and Board deny the allegations.

///

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

142.   In response to the allegations of paragraph 142, the Planning Commission and Board deny the allegations.

143.   Paragraph 143 contains legal assertions, arguments, or conclusions and not material allegations, and therefore no response is required.

## AFFIRMATIVE DEFENSES

The Planning Commission and Board are informed and believe, and on such information and belief, allege the affirmative defenses set forth below. By alleging these defenses, the Planning Commission and Board do not admit that they have the burden of proof and/or burden of persuasion as to any of these defenses.

### First Affirmative Defense

PPC lacks standing to bring the claims that are set forth in the Petition.

### Second Affirmative Defense

The Petition, and each cause of action therein, is barred by the failure to exhaust administrative remedies.

### Third Affirmative Defense

The relief PPC seeks, if granted, would improperly interfere with the Planning Commission's and Board's lawful exercise of their respective authority and discretion.

### Fourth Affirmative Defense

PPC and ExxonMobil have failed, refused, and neglected to reasonably mitigate their damages, which bars or diminishes any recovery.

### Fifth Affirmative Defense

The Planning Commission and Board are not liable for PPC and ExxonMobil's injuries and damages, if there were any, caused by the Planning Commission's denial of the Project pursuant to California Government Code section 818.4.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

25.

**Sixth Affirmative Defense**

The Planning Commission and Board are not liable for PPC and ExxonMobil's injuries and damages, if there were any, caused by the Planning Commission's denial of the Project pursuant to California Government Code section 815.

**Seventh Affirmative Defense**

The causes of action asserted in the Pet. & Compl. are barred by the doctrines of waiver and estoppel.

**Eighth Affirmative Defense**

The Planning Commission and Board are not liable in that PPC and ExxonMobil's injuries and damages, if there were any, were caused by the acts or omissions of other persons or entities, and not by the Planning Commission or Board.

WHEREFORE, the Planning Commission and Board respectfully request that:

1.      PPC's petition for a writ of mandate pursuant to California Code of Civil Procedure 1085 be denied in its entirety;

2.      PPC's petition for a writ of mandate pursuant to California Code of Civil Procedure 1094.5 be denied in its entirety;

3.      PPC and ExxonMobil's complaint for declaratory relief be denied;

4.      PPC and ExxonMobil take nothing by reason of their complaint for damages and that judgment be rendered in favor of the Planning Commission and Board;

5.      The Planning Commission and Board recover their costs in this proceeding, along with attorneys' fees to the extent permitted by law; and

///

///

///

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

26.

6.     The Court award to the Planning Commission and Board such other and further relief as it considers just and proper.

Dated:  February 2, 2024                    Respectfully submitted,

RACHEL VAN MULLEM
COUNTY COUNSEL


By: /S/ - Mary Pat Barry
       MARY PAT BARRY
       Senior Deputy County Counsel
Attorneys for Respondents and
Defendants SANTA BARBARA
COUNTY PLANNING COMMISSION
and BOARD OF SUPERVISORS

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
 (805) 568-2950

27.