DAWN SESTITO (S.B. #214011)
dsestito@omm.com
JUSTINE M. DANIELS (S.B. #241180)
jdaniels@omm.com
LAUREN F. KAPLAN (S.B. #294703)
lkaplan@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071-2899
Telephone:   +1 213 430 6000
Facsimile:    +1 213 430 6407

*Attorneys for Petitioner and Plaintiff*
*Pacific Pipeline Company*

*Attorneys for Plaintiff*
*Sable Offshore Corp.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC PIPELINE COMPANY,<br><br>    Petitioner and Plaintiff,<br><br>EXXON MOBIL CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA BARBARA COUNTY PLANNING COMMISSION AND BOARD OF SUPERVISORS,<br><br>    Respondents and Defendants. | Case No. 2:23-cv-09218-DMG (MRWx)<br><br>**JOINT REPORT OF PARTIES PURSUANT TO FRCP 26(f) AND L.R. 26-1**<br><br>**Conference**: Apr. 5, 2024<br>**Time**: 9:30 A.M.<br>**Judge**: Hon. Dolly M. Gee<br>**Courtroom**: 8C<br>**Compl. Filed**: Nov. 1, 2023<br>**Trial Date**: Not Set |

Pursuant to Federal Rule of Civil Procedure 26(f) and Rule 26-1 of the Local Rules of the Central District of California, and the Court's Scheduling Conference order, dated February 16, 2024 (Dkt. No. 23), Petitioner and Plaintiff Pacific Pipeline Company ("PPC") and Plaintiff Sable Offshore Corp, ("Sable," collectively "Plaintiffs")—as successor in interest to former Plaintiff Exxon Mobil Corporation ("ExxonMobil")[1]—and Respondents and Defendants Santa Barbara County Planning Commission (the "Planning Commission") and Santa Barbara County Board of Supervisors (the "Board," collectively "Defendants") submit the following joint report.

## I. SYNOPSIS OF PRINCIPAL ISSUES

This case arises from Defendants' refusal to approve PPC's permit applications to install automatic safety valves on its Las Flores Pipeline System (the "Pipeline"). California law requires all pipelines located in or near the coastal zone to be retrofitted with best available technologies ("BAT"). The Office of the State Fire Marshall ("OSFM")—the state agency regulating pipeline safety—has recognized such safety valves as BAT and approved their installation on the Pipeline. After receiving this approval, Plains Pipeline, L.P.—PPC's predecessor in interest—submitted sixteen separate zoning clearance applications, one for each automatic safety valve it sought to install along the Pipeline's route in Santa Barbara County. These applications were consolidated into a single project (the "Project"), which was approved by the Santa Barbara County Zoning Administrator on August 22, 2022. This decision was appealed to the Planning Commission triggering further review. On April 26, 2023, the Planning Commission voted 3-2 to deny the entire Project. The decision was appealed to the Board, which voted 2-2, leaving the Planning Commission's decision in place.

---

[1] On February 14, 2024, ExxonMobil—the former owner of the Santa Ynez Unit ("SYU")—sold its interests in the same to Sable. Concurrently herewith, Sable has filed a stipulation to substitute Sable for ExxonMobil as Plaintiff pursuant Federal Rule of Civil Procedure, Rule 25(c).

### 1. Plaintiffs' Position

This is an action for writs of mandate, seeking to vacate and set aside the denial of the Project pursuant to California Code of Civil Procedure sections 1085 and/or 1094.5. PPC has a vested right to restart the Pipeline and contends that Defendants acted in an arbitrary and capricious manner and in excess of their jurisdiction by denying the Project. The Project denial was also a prejudicial abuse of discretion, as it was not made in a manner required by law and not supported by the evidence in the record.

Following the resolution of the writs of administrative mandate, Plaintiffs, if necessary, will seek declaratory relief and damages arising from the denial of the Project. Plaintiffs contend that the denial (1) violates the Supremacy Clause of the United States Constitution and California's Pipeline Safety Act; (2) violates the Commerce Clause of the United States Constitution and the California Constitution by unjustifiably regulating, discriminating against, or burdening commerce beyond the County's borders; and (3) constitutes an illegal exercise of police power.

### 2. Defendants' Position

Planning Commission and the Board deny all of Plaintiffs' claims.

***

The following are brief, summary statements of the parties' main claims and defenses. Each statement was drafted by the party making the claims or defenses and does not represent an agreement by the other party as to its accuracy or the issues raised therein.

### A. **Statement of the Case**

#### 1. Plaintiffs' Position

Defendants unlawfully denied the applications for the Project. Among other things, Defendants denied the Project in toto, rather than limiting their decision to the nine applications at issue in the appeal. Defendants also improperly applied Santa Barbara Coastal Zoning Ordinance ("CZO") to applications for the

installation of safety valves located outside of the County's Coastal Zone. Further, the denial lacks evidentiary support and is contrary to California law requiring the installation of BAT on pipelines. And, Defendants predicated their denial on unsubstantiated conjecture about the Pipeline's integrity, restart, and operation. Not only were these issues beyond the purview of Defendants' review—which was limited to the installation of the valves only—but such issues fall under the exclusive jurisdiction of OSFM and Pipeline and Hazardous Materials Safety Administration ("PHMSA")—the state and federal agencies with exclusive jurisdiction over the Pipeline's safety, integrity, and operation—charged with overseeing any restart of the Pipeline pursuant to a 2020 consent decree entered in *United States of America et al. v. Plains All American Pipeline L.P. et al* (Case No. CV 20-02415).

By this action, PPC seeks writs of mandate pursuant to California Code of Civil Procedure sections 1085 and/or 1094.5. Plaintiffs also seek declaratory relief and damages arising from the Project denial.

### 2. Defendants' Position

Neither the Planning Commission nor the Board had a mandatory duty to approve PPC's applications to amend existing development and conditional use permits and to issue a coastal development permit to allow the installation of 16 valves, including seven valves in the coastal zone, along Lines 901 & 903.

The Planning Commission's decision granting three appeals of the Santa Barbara County Zoning Administrator's approval of PPC's Lines 901/903 Valve Upgrade Project was not an abuse of discretion and did not violate federal or state law. The Board voted 2-2 and thereby took no action on PPC's Lines 901/903 Valve Upgrade Project. To the extent the Board's non-action may be deemed a decision consistent with the Planning Commission's decision, the Board's decision was not an abuse of discretion and did not violate any federal or state law.

## II. PROPOSED SCHEDULE

### A. Bifurcation

The parties propose that the case be litigated in two phases and that all disclosures and discovery related to the second phase be stayed pending resolution of the first.

Phase I would deal with PPC's first two causes of action: petition for writ of mandate pursuant to California Code of Civil Procedure section 1085 and petition for writ of administrative mandate pursuant to section 1094.5. As writs brought pursuant to these sections, the parties anticipate that the administrative record will be the primary evidence for Phase I and that no additional discovery will be required. The parties agree that Phase I should be resolved by cross motions for summary judgment and that a trial will likely not be necessary. No additional motion practice is anticipated. Accordingly, this report does not include a Schedule of Pretrial & Trial Dates Worksheet. All dates appliable to Phase I are stated in Section II.B., below. The outcome of Phase I may resolve the case.

Phase II would include all the remaining causes of action. The parties agree to meet and confer regarding Phase II and will submit a supplemental Joint Report, including a Schedule of Pretrial & Trial Dates Worksheet, if necessary after the resolution of Phase I.

### B. Phase I Timeline

The parties agree to the following schedule for Phase I:

| Matter | Joint Requested Date |
|---|---|
| Administrative Record to be Delivered to PPC | June 18, 2024 |
| Any Motion to Supplement or Complete the Administrative Record | July 18, 2024* |
| Defendants' Motion for Summary Judgment; Administrative Record to be Filed | August 16, 2024 |

| | |
|---|---|
| PPC's Cross-Motion for Summary Judgment and Opposition to Board Motion for Summary Judgment | September 27, 2024 |
| Defendants' Reply on Motion for Summary Judgment and Opposition to PPC's Cross-Motion for Summary Judgment | October 25, 2024 |
| PPC's Reply on Cross-Motion for Summary Judgment | November 22, 2024 |

*In the event that any motion to supplement or complete the administrative record is timely filed, the remaining dates will be stayed and extended by 30 days following resolution of such motion.

The parties agree that either party, individually or collectively, may seek leave of the Court to change the foregoing dates for good cause.

**III.    DISCOVERY FOR PHASE I**

**A.    Status of Discovery**

On December 11, 2023, PPC served the Clerk for the Board with a letter requesting that it prepare and certify the administrative record for the Project proceedings.  Pursuant to California Code of Civil Procedure section 1094.6(c) and the above proposed schedule, the administrative record should be compiled and certified by the Board by no later than June 18, 2024.

**B.    Proposed Discovery Plan**

*1. Discovery Timing and Deadlines*

At this time, outside of the preparation and certification of the administrative record, the parties do not anticipate that additional discovery will be necessary for Phase I.  If possible, the Board will share a draft of the administrative record with PPC before lodging it with the Court, to minimize any need for motions regarding the administrative record.  PPC reserves its right to seek supplementation of the record, if necessary, after reviewing the administrative record and a meet and confer by counsel.

*2. Initial Disclosures*

The parties agree to forgo initial disclosures related to Phase I pending preparation and review of the administrative record.

*3. Preservation of Discoverable Information*

The parties agree to meet and confer to negotiate a protocol for the production of any Electronically Stored Information ("ESI"), to the extent the need for ESI arises.

**IV.   MOTION PRACTICE FOR PHASE I**

**A.   Motions**

*1. Non-Dispositive Motions*

At this time, the parties do not anticipate filing any non-dispositive motions for Phase I.

*2. Dispositive Motions*

The parties anticipate that Phase I of this matter will be resolved by cross-motions for summary judgment based on a certified administrative record.

**B.   Proposed Schedule of Law and Motion Matters**

*1. Non-Dispositive Motion Filing Deadline*

At this time, the parties do not anticipate filing any non-dispositive motions for Phase I.

*2. Dispositive Motion Filing Deadline*

*See* proposed Phase I timeline, above.

**V.   SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION FOR PHASE I**

The parties have not engaged in settlement discussions following the denial of the Project.  Among the Suggested ADR Procedures under Local Rule 16-15.4, the parties agree to further explore private mediation.

**VI.   NO TRIAL ANTICIPATED FOR PHASE I**

The parties anticipate that trial for Phase I is unlikely because the writ of

administrative mandate should be resolved by motions for summary judgment.

## VII. OTHER ITEMS

### A. **Pleading Amendments**

The parties do not anticipate amending their pleadings.

### B. **Additional Parties**

Concurrently herewith, Sable will file a motion to substitute in for ExxonMobil as Plaintiff in this action. Apart from substituting in Sable, the parties do not anticipate any additional parties joining.

### C. **Counsel**

Lead counsel for Plaintiffs in this matter is Dawn Sestito. Additional counsel may include Justine M. Daniels and Lauren Kaplan.

Lead counsel for Defendants in this matter is Mary Pat Barry.

### D. **Other Issues Affecting Status or Management of Case**

The parties have not identified any other issues at this time.

### E. **Whether Magistrate Judge Will Preside**

Defendants do not consent to have a mutually agreeable Magistrate Judge from the Court's Voluntary Consent List preside over this action for all purposes.

Dated: March 22, 2024              Respectfully submitted,

                                   By:   */s/ Dawn Sestito*
                                         Dawn Sestito

                                   Attorney for Petitioner and Plaintiff
                                   Pacific Pipeline Company

                                   Attorney for Plaintiff
                                   Sable Offshore Corp.

Dated: March 22, 2024              By:   */s/ Mary Pat Barry*
                                         Mary Pat Barry

                                   Attorney for Respondents and Defendants Santa Barbara Planning Commission and Santa Barbara County Board of Supervisors

**ATTESTATION**

I hereby attest, pursuant to Central District of California L.R. 5-4.3.4(a)(2)(i), that the other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: March 22, 2024 By: */s/ Dawn Sestito*